Dorster *vs.* Arnold.

---

No. 36.—GREEN B. DORSTER, plaintiff in error, *vs.* GEORGE W. ARNOLD, defendant.

[1.] A plaintiff who has notice of a fatal defect in his declaration, at the appearance term of the appeal, and makes no motion to amend until the second term, and when the cause is before the Jury, is too late, and cannot then amend.

Assumpsit, on appeal, in Coweta County.   Decision by Judge HILL, at September Term, 1849.

The plaintiff sued for a bill of lumber, as per bill of particulars; the declaration had two counts, *indebitatus* and *quantum meruit*, and these only.   At the first term, plaintiff confessed and appealed. On the appeal trial, it appeared that there was a *special* contract, whereby defendant was to pay off certain *fi. fas. vs.* plaintiff, &c. The Court, on motion, non-suited plaintiff, overruling his motion to amend his declaration, by inserting a count on the special contract, to suit the proof.

The Court, on a motion to reinstate the case and set aside the non-suit, held, that the motion to amend came too late; that plaintiff, at the preceding term, knew of the *necessity* of this amendment—this being the second term on appeal; to which ruling the plaintiff excepted, and brings this writ of error.

There was no appearance for the defendant in error, and the cause proceeded *ex parte.*

SIMS and BURCH, for plaintiff in error.

*By the Court.*—NISBET, J. delivering the opinion.

We do not question but that the declaration in this case was amendable, and at the time when the motion to amend was made. By the judgment of the Court, we learn that the amendment was refused, upon the ground that the plaintiff had notice of the necessity of the amendment, at the preceding term, and not amending then, he is precluded, by his laches, from amending now. The facts are, that at the first trial term, the plaintiff confessed a judgment for the defendant, with leave to appeal—did enter an appeal—at the appearance term of the appeal, there is no entry in the case, and at the second term of the appeal, when the cause was before the Jury, he moves to amend. I infer that he confessed on the first trial, because his declaration was defective ; if so, *then* he had notice of the defect. The same notice operated on him at the appearance term of the appeal, when he was entitled to amend. The character of the notice is not stated. The Court ruled that he had notice. We must presume that it was a sufficient legal notice, and not amending earlier, he is not now entitled.

Let the judgment be affirmed.